```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     EASTERN DIVISION


FREDERICK GARRETT,              )
                                )
     Plaintiff,                 )       CIVIL ACTION NO.
                                )
                                )       CV-99-AR-1479-E
v.                              )
                                )
EDAWON, Inc., a corporation,    )
d/b/a/ JEFFERSON'S RESTAURANT   )
                                )
     Defendant.                 )
                                )
                                )
```

FILED 00 JUN 28 PM U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUN 28 2000

## MEMORANDUM OPINION

Before the court is a motion for summary judgment filed by defendant, EDAWON, Inc. ("EDAWON"). The motion seeks judgment as a matter of law on claimed violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"), and the Civil Rights Act of 1870, as amended, 42 U.S.C. § 1981 (§ 1981"). For the reasons set forth herein, defendant's motion is due to be granted.

### Background

After exhausting his administrative remedies with the EEOC and receiving his "Right to Sue" letter, plaintiff, Frederick Garrett ("Garrett"), brought suit against EDAWON in June of 1999. In January of 2000, Garrett's attorney filed a motion to withdraw,



citing as grounds 1) that attorney and client have a dispute as to the prospects for the case; and 2) that the attorney "personally feels that it is not in the best interest of the parties to continue prosecuting subject case." This court granted the attorney's motion to withdraw and sent notice to Garrett of his *pro se* status.

On May 8, 2000, EDAWON filed the motion for summary judgment that is now before the court. On May 9, 2000, the court entered its Rule 56 Submission Order giving Garrett until May 25 to respond. Garrett has not responded or filed a motion for extension. Accordingly, the court has before it only Garrett's pleadings to consider in opposition to the motion for summary judgment. These pleadings are not sufficient. They are nothing but bare assertions. As the Eleventh Circuit has made clear: "In opposing a motion for summary judgment, 'a party may not rely on his pleadings to avoid judgment against him.'" *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)(citations omitted). *See also Harris v. Warehouse Services, Inc.*, 77 F.Supp. 2d 1240, 1248 (M.D. Ala. 1999).

2

## Conclusion

Based on the foregoing, defendant's motion for summary judgment is due to be granted. An appropriate order of dismissal will be separately entered.

DONE this 28th day of June, 2000.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE